FILED

02/26/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 1, 2019 Session

**STATE OF TENNESSEE v. RONALD TAYLOR**

**Appeal from the Criminal Court for Shelby County**
**No. C17-04240      J. Robert Carter, Jr., Judge**

————————————————————

**No. W2019-00502-CCA-R3-CD**

————————————————————

THOMAS T. WOODALL, J., concurring.

I respectfully concur in results with Judge Wedemeyer's majority opinion. I am unable to join with that portion of the opinion addressing Defendant's *Gerstein v. Pugh*, 420 U.S. 103 (1975) "unlawful detention" issue. I agree the issue is waived as a result of the failure of Defendant's trial counsel to raise a pre-trial *Gerstein* challenge to suppress evidence obtained after his warrantless arrest. The State on appeal asserts the issue is waived. If this court concludes *in this particular case* that the issue is waived, we should stop our analysis there.

Defendant has the opportunity to seek relief by way of post-conviction proceedings if he is denied relief in this direct appeal. Post-conviction counsel would be entitled to present, in effect, a *Gerstein* hearing during post-conviction proceedings in order to establish evidence to support a claim of deficient performance by trial counsel and the resulting prejudice to Defendant.

Tennessee Rule of Appellate Procedure 36(b) provides in part that "[w]hen necessary to do substantial justice, an appellate court *may* consider an error that has affected the substantial rights of a party at any time . . . ." (emphasis added). Consideration of an error that is waived is not mandatory. If it was, "may" would be "shall."

To establish plain error, Defendant has the burden of establishing the following factors:

(a) the record clearly establishes what occurred in the trial court;
(b) a clear and unequivocal rule of law has been breached;
(c) a substantial right of the accused has been adversely affected;
(d) the accused did not waive the issue for tactical reasons; and

(e) consideration of the error is "necessary to do substantial justice."

*State v. Martin*, 505 S.W.3d 492, 504 (Tenn. 2016). All five factors must be established by the record before this court can recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established. *State v. Bishop*, 431 S.W.3d 22, 44 (Tenn. 2014). Even if all five factors are present, "the plain error must be of such a great magnitude that it probably changed the outcome of the trial." *Id*. (quoting *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994)).

Essentially, if an analysis of whether "plain error" relief should be granted results in a conclusion that relief should not be granted, the analysis is *dicta* because the issue is not addressed on its merits. For instance, the majority opinion concludes that Defendant's request to review the issue should not be considered because "consideration of the alleged error is not necessary to do substantial justice." Since it is waived, the merits of the *Gerstein* issue have not been addressed. The majority's brief statement does *not* conclude that *if* any error in the trial court occurred, it has been determined to be only harmless error beyond a reasonable doubt. The issue is waived because it was not presented to the trial court, as asserted by the State in this appeal. If the issue was not presented to the trial court, there is nothing to review to establish that Defendant is entitled to relief pursuant to plain error review. In my opinion, it is better in this case to simply say that this court declines to exercise plain error review than to determine one of the *Adkisson* factors is not established.

Accordingly, absent being ordered by our Supreme Court to review an issue under "plain error" analysis, *see State v. Stephano Lee Weilacker*, No. M2016-00546-CCA-R3-CD, slip op. at 1, 2018 WL 5099779 (Tenn. Crim. App. Oct. 19, 2018), I am reluctant to include in an opinion a "plain error" review of an issue that has been waived unless the court concludes that relief is to be granted.

_____
THOMAS T. WOODALL, JUDGE